IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. CCB-19-320 |
| | * | |
| DAVID B. GOODWIN | | |
| | ******* | |

## <u>MEMORANDUM AND ORDER</u>

Federal defendant David B. Goodwin has filed a motion for review of detention order under 18 U.S.C. § 3145(b).  (ECF 24).  The motion has been briefed and no hearing is needed.  *See United States v. Martin*, --- F. Supp. 3d. ----, No. CR PWG-19-140-13, 2020 WL 1274857, at *3 (D. Md. Mar. 17, 2020).  For the reasons stated below, the motion will be denied.

On July 18, 2019, Goodwin was ordered detained pursuant to a detention agreement. (ECF 5).   On July 24, 2019, Goodwin pled guilty to one count of conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1591(a)(1) and § 1594(c).  (ECF 7).  Goodwin requested a detention hearing on April 23, 2020, (ECF 13), and one was held before Magistrate Judge Thomas DiGirolamo on May 8, 2020, (ECF 21).  Judge DiGirolamo noted that, because Goodwin has already pled guilty to an offense that carries a maximum of life in prison, his detention is governed by 18 U.S.C. § 3143(a)(2).  Section 3143(a)(2) provides for release from detention pending sentencing only if there is a substantial likelihood that a motion for acquittal or new trial will be granted or an attorney for the Government has recommended that no sentence be imposed.  As Judge DiGirolamo found neither circumstance met, he ordered that Goodwin remain detained.  (*Id.*).

Upon a de novo review of the record, I find that Judge DiGirolamo's ruling was correct. Specifically, Goodwin has not shown that there is a substantial likelihood that a motion for

acquittal or new trial will be granted, and the Government has recommended a sentence of imprisonment.

Goodwin also argues that he should be released pursuant to 18 U.S.C. § 3145(c), which provides that "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  "In short, to obtain release under § 3145(c) pending sentencing, a prisoner (1) must demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of others; and (2) clearly show that there are 'exceptional reasons' justifying his release."  *United States v. Ashley*, No. CR RDB-06-0034, 2020 WL 1675994, at *3 (D. Md. Apr. 6, 2020).

Goodwin has not stated exceptional reasons justifying his release.  Although Goodwin's concern regarding COVID-19 is understandable, Goodwin has not shown that he has any underlying conditions that would put him at a higher risk of developing serious complications if he contracts COVID-19.  Therefore, the severity of the risk of COVID-19 does not rise to the level of an exceptional reason justifying release.

Goodwin's other reasons for release also do not rise to the level of exceptional reasons.  Further, it is not clear that temporary release pending sentencing would allow Goodwin to achieve his stated goals.  As to the outstanding state warrants in Dorchester and Caroline counties that Goodwin wishes to address, it appears that the Government has attempted to alert both jurisdictions as to the posture of this case.  To the extent that the Government has not been able to effectively communicate with those jurisdictions because of court closures due to COVID-19, it is not clear that Goodwin would be able to expeditiously address the warrants

either.  As to Goodwin's desire to enter an inpatient treatment program, it appears there is limited availability, and Goodwin has not demonstrated that he would be able to enter a program if released.

But even if Goodwin had stated exceptional reasons, he has not demonstrated that he is not likely to flee or pose a danger to the safety of others, based on consideration of the 18 U.S.C. § 3142(g) factors.  Particularly, Goodwin's criminal history includes several violations of probation.  Indeed, it appears that while on probation in Georgia, Goodwin failed to appear for probation appointments in December 2017 and January and February 2018, and may have abandoned his probation in Georgia when he moved to Maryland.  Goodwin also has limited connections to Maryland, having just moved to Maryland in the summer of 2018.  Finally, the conduct in this case was extremely serious and as Goodwin has already pled guilty, the weight of the evidence against him is strong.

Accordingly, the motion (ECF 24) is Denied.  The motions to seal (ECF 23, 25) are Granted.

So Ordered this 6th  day of July, 2020.


_____
/S/

Catherine C. Blake
United States District Judge

3